UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA A. HILL, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-3147 |
| | § | |
| JANET NAPOLITANO, SECRETARY, | § | |
| DEPARTMENT OF HOMELAND SECURITY, | § | |
|     *Defendant.* | § | |

### MEMORANDUM AND ORDER

Pending before the court is defendant's motion to dismiss (Dkt. 7). After review of the motion, the response, the reply, and the applicable law, defendant's motion to dismiss is GRANTED for the reasons stated below.

### BACKGROUND

Plaintiff Melissa Hill ("Hill" or "Plaintiff") was an employee of the Transportation Safety Administration ("TSA") until she was terminated on September 17, 2004, for sleeping on the job while she was assigned to watch an employee entrance at the George H. W. Bush International Airport. Plaintiff, proceeding in this matter *pro se*, alleges that she was discriminated against on the basis of her race and sex. Dkt. 1. More specifically, plaintiff alleges that she as a "white female" "received much harsher punishment than 2 African American men accused of the same offense" of sleeping while on duty. *Id.*, at 4. Plaintiff believes this to be a case of "reverse" discrimination. *Id.* at 5.

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) asserting that the court lacks jurisdiction over any claim other than disability discrimination because that is the only claim raised by Hill in her formal complaint of discrimination during the TSA's

Equal Employment Opportunity ("EEO") proceeding. Dkt. 7. Hill has responded, and she asserts that she never claimed to be disabled, and that this was merely something that the "case worker" indicated on the EEO form. Dkt. 11 at 7. Hill then proceeds to set forth at length how two other employees, Hamilton Williams and Arthur Williams, were treated differently than she was for the same offense–they both received three-day suspensions for sleeping on the job. *Id.* at 8-19. Hill asks that the court notice the difference in treatment between these two male, African-American employees and herself, and asserts that this is evidence of race and sex discrimination. *Id.* at 18.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 127 S.Ct. 1955 (2007). Motions to dismiss brought under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) are subject to the same standard of review. *Benton v. Unites States*, 960 F.2d 19, 21 (5th Cir. 1992). However, the party with the burden of proof differs. The movant bears the burden of proof on a 12(b)(6) motion, whereas the party asserting subject matter jurisdiction bears the burden on a 12(b)(1) motion. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

2

## TITLE VII

"Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin." *Grimes v. Texas Dep't of Mental Health*, 102 F.3d 137, 140 (5th Cir.1996).  Section 717 of the Act allows federal employees to bring private civil causes of action in district court for proscribed discriminatory employment practices.  42 U.S.C. § 2000e-16. "As a precondition to seeking this judicial relief, however, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).  The exhaustion requirement must be construed liberally to aid the unsophisticated *pro se* claimant.  *Id.*; *see also Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).  Courts must still bear in mind that "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco*, 448 F.3d at 788-89.  To that end, the interpretation of the exhaustion requirement, while it may be liberal,  must still be exacting enough to preserve Congress's goal of voluntary compliance.  *Id.*

The Fifth Circuit has set forth a test to determine whether a complaint has been administratively exhausted.

> A Title VII cause of action "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."

*Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (*quoting GAF Chemical*, 995 F.2d at 578 (*quoting Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983))).  The courts are instructed to "engage in [a] fact-intensive analysis of the statement given by the plaintiff in the administrative

charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789.

A plaintiff can prove intentional discrimination under Title VII through either direct or circumstantial evidence. *See Urbano v. Continental Airlines Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir.1993)). When a plaintiff offers only circumstantial evidence, as is the case here, the *McDonnell Douglas* framework requires the plaintiff to establish a *prima facie* case of discrimination, which, if established, raises a presumption of discrimination. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179–80 (5th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973)). To establish a *prima facie* case, the plaintiff must show that "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) others similarly situated were more favorably treated" or the plaintiff was replaced by a non-minority. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (quoting *Rutherford*, 197 F.3d at 184); *Jatoi v. Hurst-Eules-Bedford Hosp. Auth.*, 807 F.2d 1214, 1219 (5th Cir. 1987).

## ANALYSIS

### A.   RULES 12(B)(1) - EXHAUSTION

Before the court can determine whether plaintiff exhausted administrative remedies with respect to her claims, and whether the court thus has jurisdiction to rule on those claims, the court must first identify the claims that plaintiff is presently asserting so that it can compare those claims to the facts asserted during the EEO proceedings. As noted above, Hill alleges that she was the victim of race-based and sex-based discrimination, and she seeks to establish this through evidence

4

of disparate treatment between herself and two African-American men.  Dkt. 1.  It is Hill's burden to plead facts sufficient to invoke this court's jurisdiction.  *Ramming*, 281 F.3d at 161.  Therefore, Hill must allege facts sufficient to establish that she has exhausted administrative remedies, and in doing so, the court should engage in a "fact-intensive analysis" addressed to the "substance" of the EEO charge.  *Pacheco*, 448 F.3d at 789.

   Hill filed a formal complaint of discrimination with the TSA on December 9, 2004.  Dkt. 7-1.  Given the choice on the complaint form of boxes to check next to the terms "race, color, religion, national origin, age, sex, disability, sexual orientation and reprisal," plaintiff checked the box next to "disability" and noted specifically in the space provided, "I had medical problems."  *Id*.  In the section of the form captioned "explain specifically how you were discriminated against," plaintiff asserts that in March, 2004, "Mr. Patel" and "Takisha Knox" made comments about plaintiff's medical condition, and that Patel "falsified" her time sheet in March, 2004, but Hill was able to have Patel's actions reversed.  Dkt. 7-1 at 2.  Hill alleges that at the time of the alleged sleeping incident, she was on light duty because she injured her arm at work, and that "they" were already upset with her about her prior back injury.  *Id*. at 3.  Hill asserts that she was placed at the employee entrance on July 6, 2004, rather than at a light duty job, because she could not use her left arm.  *Id*.  Plaintiff explained that Patel and Knox observed her doing "exercises" she was given by a therapist for her neck, and, although Hill admits she had her eyes closed, Patel and Knox misinterpreted what was happening and reported that Hill was asleep.  *Id*.  Plaintiff argued that she was treated differently than another employee, Hamilton Williams, who also was sleeping on the job, but he "stated he was on medication" and received a suspension of three days.  *Id*. at 4.  Plaintiff complained that she was also "on medication" but was nonetheless terminated.  *Id.*

5

"Mr. Marchand" was the final decision maker who terminated plaintiff's employment on September 17, 2004. *Id.* at 2. Marchand is not alleged to have harbored any ill will toward plaintiff on the basis of her March, 2004 dispute with Patel. Plaintiff does assert that Marchand maintained that Hill's situation was "different" than Hamilton Williams's. *Id.* at 4.

Hill's EEO complaint was accepted by the TSA for review on the basis of disability discrimination only. *Id.* at 19.[1] Hill was informed of the TSA's decision to limit her claim to one involving disability discrimination in a letter dated June 1, 2005, and was told to "clarify" her claim within five days if the description was inaccurate. *Id.* Although the parties have not provided the entirety of the administrative record, Hill attached the TSA's final decision, dated June 17, 2010, which rejected her claims for disability-based and race-based discrimination. Dkt. 1 at 11-14. Hill did, therefore, make the TSA aware during the EEO process that she believed race played a part in the decision. However, Hill made no mention during the EEO proceeding that she believed her sex was a motivation for Marchand's decision to terminate her employment.

The court finds that Hill's reference to a Hamilton Williams during the EEO proceeding is not sufficient to raise sex discrimination as an issue. Plaintiff's allegations are that Patel was biased against her due to her injuries, and the limitations those injuries imposed on her ability to work, and that this was the impetus for the report Patel and Knox filed stating that Hill was asleep. Although Hamilton Williams is mentioned during her factual recitation, it is only in the context of Williams having been on medication, as Hill claims she was, when he was caught sleeping on the job. Plaintiff nowhere indicates that Williams was treated more favorably because of his sex. Hill has

---

[1] However, as noted above, Hill does not now allege that she was discriminated against on the basis of a disability, but instead asserts claims of race-based and sex-based discrimination only. Dkts. 1, 11.

provided no evidence that she expanded upon her claims as she was invited to do in the TSA's June 1, 2005 letter to include a claim for sex discrimination.

Hill's current claim of race discrimination is a claim actually presented to the TSA during the EEO process. However, her claim of sex discrimination is not "discrimination like or related to the charge's allegations" because it was not part of an investigation that "could reasonably be expected to grow out of the initial charges of discrimination" made by Hill. *Dollis*, 77 F.3d at 781. Indeed, the initial charge was limited to disability discrimination only, and there is no evidence that the sex discrimination claim was later presented to the TSA.

Accordingly, the motion to dismiss should be granted as to the plaintiff's claim of sex discrimination. That claim was not properly presented during the plaintiff's EEO proceedings, and this court lacks jurisdiction to address it.

**B.     RULE 12(B)(6)**

Hill's claim of race discrimination is properly before the court, but she nonetheless fails to state a claim, and her complaint should be dismissed pursuant to Rule 12(b)(6). Where a plaintiff seeks to establish discrimination by alleging disparate treatment on the basis of her membership in a protected class, she must identify a similarly-situated employee not a member of that same protected class who was treated more favorably in order to make out a *prima facie* case. *Willis*, 445 F.3d at 420. Moreover, in "disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007).

Hill notes in her briefing that Hamilton Williams was caught sleeping at his post, and that he admitted that he had been sleeping, and he apologized for his behavior. Dkt. 11 at 13. Hill, on the other hand, has continuously asserted that she was not asleep, and that the two persons who

claim to have witnessed her sleeping fabricated their accounts. It is apparent from the pleadings that Hill is not similarly situated to Hamilton Williams. Indeed, an employee who admits misconduct immediately is in an entirely different situation than an employee who contests the misconduct and accuses supervisory personnel of their own misconduct. Thus, no inference of race-based discrimination can arise out of Marchand's decision to terminate plaintiff, but to suspend Hamilton Williams, because those employees are not similarly situated. Indeed, a decision-maker could properly conclude that Hill was the one making misrepresentations, thereby compounding her initial offense of sleeping on the job, and distinguishing her from Hamilton Williams.

Hill also claims that she was treated more harshly than Arthur Williams. Hill has attached to her response to the motion to dismiss the decision of the TSA's Disciplinary Review Board with respect to Arthur Williams, also a male, African-American TAS who was suspended rather than terminated for sleeping on the job. Dkt. 11 at 37-40. A review of the exhibit, however, shows that Arthur Williams actually **was** terminated for sleeping on the job (although the decision was made by a different decision-maker and not Mr. Marchand), but this sanction was later reversed by the TSA's Disciplinary Review Board based in part on Arthur Williams having **admitted** to "dozing off." Dkt. 11 at 37-40. Hill's own exhibit, therefore, establishes that Arthur Williams is simply not similarly situated for purposes of making out a disparate treatment claim because he, also, conceded his misconduct. The TSA's decision to treat Arthur Williams differently does not, therefore, support an inference of race-based discrimination.

Hill has not identified any similarly situated African-American employee who was treated more favorably than she was for sleeping on the job–she has not identified any African-American

employee who denied sleeping on the job and further accused supervisory personnel of fabricating the charge. Hill cannot, therefore, establish a *prima facie* case of race discrimination.[2]

## CONCLUSION

Defendant's motion to dismiss (Dkt. 7) is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on April 7, 2011.

_____
Gray H. Miller
United States District Judge

---

[2] A similar 12(b)(6) ruling would be made with respect to Hill's claim of sex discrimination if that claim had been exhausted and was properly before the court.